| | |
|---|---|
| 1 | Monica M. Quinn, Bar No. 198332 |
|   | mquinn@littler.com |
| 2 | Kyra A. Buch, Bar No. 296192 |
|   | kbuch@littler.com |
| 3 | LITTLER MENDELSON P.C. |
|   | 633 West 5th Street |
| 4 | 63rd Floor |
|   | Los Angeles, California  90071 |
| 5 | Telephone:  213.443.4300 |
|   | Fax No.:      213.443.4299 |
| 6 | |
| 7 | Attorneys for Defendant |
|   | OFFICE DEPOT, LLC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW KALLSEN, | Case No. 2:21-cv-08854 |
| Plaintiff, | **DEFENDANT OFFICE DEPOT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL** |
| v. | |
| OFFICE DEPOT, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, | **[28 U.S.C. §§ 1332, 1441, 1446]** |
| | (Los Angeles Superior Court, Case No. 21STCV37287) |
| Defendants. | |
| | Trial Date: TBA |
| | Complaint Filed:        October 8, 2021 |

4863-1119-2322.1 / 063095-1798

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

DEFENDANT OFFICE DEPOT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant OFFICE DEPOT, LLC ("Defendant") hereby removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Defendant makes the following allegations in support of its Notice of Removal.

## I.   JURISDICTION AND VENUE ARE PROPER

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one that may be removed by this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), 1446(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, and 1446(b).

## II.   STATUS OF THE PLEADINGS

3. On October 8, 2021, Plaintiff commenced this action by filing a complaint in the Superior Court of California, County of Los Angeles entitled Andrew *Kallsen, an individual v. Office Depot, LLC, a Delaware Limited Liability Company, and DOES 1 through 50, inclusive*, designated as Case No. 21STCV37287. The Complaint alleges eight causes of action: (1) Discrimination in Violation of the FEHA – Cal. Gov't. Code § 12940 *et seq*.; (2) Retaliation in Violation of the FEHA – Cal. Gov't. Code § 12940 *et seq*.; (3) Failure to Prevent Discrimination and Retaliation in Violation of the FEHA – Cal. Gov't Code § 12940 *et seq*.; (4) Failure to Accommodate Disability in Violation of the FEHA – Cal. Gov't Code § 12940 *et seq*.; (5) Failure to Engage in the Interactive Process in Violation of the FEHA – Cal. Gov't. Code § 12940 *et seq*.; (6) Retaliation in

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4863-1119-2322.1 / 063095-1798

2

DEFENDANT OFFICE DEPOT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL


Violation of the CFRA; (7) Retaliation in Violation of Labor Code § 1102.5; and (8) Wrongful Termination in Violation of Public Policy. (*See* Declaration of Kyra A. Buch in Support of Defendant's Notice to Federal Court of Removal ("Buch Decl.") ¶ 2; Ex. A ("Compl.").)

4. On October 12, 2021, Plaintiff served on Defendant's registered agent via personal service these documents: Summons, Complaint, Civil Case Cover Sheet and Cover Sheet Addendum, Notice of Confirmation of Electronic Filing, Notice of Case Assignment, Alternative Dispute Resolution Information Package, Voluntary Efficient Litigation Stipulations Materials, Informal Discovery Conference Information, and First Amended General Order re Mandatory Electronic Filing for Civil. (Buch Decl. ¶¶ 3 and 4; Exs. B and C.)

5. On November 8, 2021, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court of California, County of Los Angeles. (Buch Decl. ¶ 5, Ex. D.) On October 25, 2021, Plaintiff filed a Peremptory Challenge to Judicial Officer in the Superior Court of California, County of Los Angeles. (Buch Decl. ¶ 6, Ex. E.)

6. To Defendant's knowledge, the documents attached to the Declaration of Kyra A. Buch constitute all process, pleadings, and orders served upon Defendant or filed in the State Court action. (Buch Decl. ¶ 2-7; Exs. A-E.) The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

7. As of the date of this Notice of Removal, only Defendant has been served with Plaintiff's Summons and Complaint. (Buch Decl. ¶ 2; Ex. A). No other parties have been validly served in this matter; therefore, their joinder and/or consent to this Notice is not required. *See* 28 U.S.C. § 1441(b); *Destfino v. Reiswig*, 630 F.3d 952, 955 (2011) (finding those named as defendants but not yet served in the state court action need not join the notice of removal); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

III. TIMLIENESS OF REMOVAL AND NOTICE

8. This Notice of Removal is timely because it has been filed within thirty

4863-1119-2322.1 / 063095-1798

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3

DEFENDANT OFFICE DEPOT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL

1  (30) days of service upon Defendant of the Summons and Complaint, on October 12, 2021, and within one year of the filing of the Complaint on October 8, 2021. *See* 28 U.S.C. § 1446(b).

## IV.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

9.  The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

10.  For purposes of removal, citizenship of doe defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

### A.  Plaintiff Is A Citizen Of California

11.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Bank of N.Y. Mellon v. Nersesian*, No. CV13-2604PA, 2013 WL 8284799, at *3 (C.D. Cal. Apr. 16, 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* at *3. Residence is prima facie evidence of one's domicile. *Sadeh v. Safeco Ins. Co.*, No. CV12-03117SJO, 2012 WL 10759737, at *2 (C.D. Cal. June 12, 2012 (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Exhibit A to Plaintiff's Complaint establishes that "Andrew Kallsen, resides in the City of Beverly Hills, State of California." (Compl. Ex. A.) As Plaintiff resides in California, he is therefore a citizen of California for the jurisdictional analysis. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### B.  Defendant Office Depot, LLC Is Not A Citizen Of California

12.  In determining diversity jurisdiction, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As to the latter aspect of the corporate citizenship analysis, the U.S. Supreme Court adopted a single, uniform test to

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4863-1119-2322.1 / 063095-1798

4

DEFENDANT OFFICE DEPOT, LLC'S
NOTICE TO FEDERAL COURT OF
REMOVAL

determine a "principal place of business": the "nerve center" test. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). The Court explained, the "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id*. This analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990).

13. Defendant is a corporation organized and incorporated under the laws of the State of Delaware. (Declaration of Mary Bryan in Support of Defendant's Notice to Federal Court of Removal ("Bryan Decl.") Decl. ¶ 2.) Additionally, the principal place of business, or "nerve center," of Defendant is indisputably located in Boca Raton, Florida. (Bryan Decl. ¶ 3.) Nearly all of Defendant's corporate decisions -such as executive, administrative and policymaking decisions, including but not limited to payroll, policies and direction regarding compensation – are made at its Florida headquarters. (Bryan Decl. ¶ 4.) While Defendant maintains operational facilities in California, its high level officers direct, control, and coordinate the cooperation's activities from its corporate headquarters in Florida. (Bryan Decl. ¶ 5.).

14. Accordingly, Defendant was, at the time of the filing of this action, and still is, a citizen of both Delaware and Florida because it is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of Florida.

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

15. The Court has jurisdiction over this case because, in addition to the prerequisite of diversity between the parties, the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, because the amount in controversy exceeds $75,000, the second requirement of diversity jurisdiction is satisfied.

16. In measuring the amount in controversy, this Court must assume that the

4863-1119-2322.1 / 063095-1798

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5

DEFENDANT OFFICE DEPOT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL

1  allegations in the complaint are true and that a jury will return a verdict for the plaintiff on all claims asserted. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount put "in controversy" by the plaintiff's complaint, and now how much, if anything, the plaintiff will actually recover. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)). Further, as one district court recently held, "[u]nder this standard, 'the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014) (citations omitted).

17.  The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court in *Dart Cherokee Basin Operating Co. v. Owens* recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). Otherwise, "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*.

18.  Plaintiff seeks in his Complaint: (1) general damages; (2) emotional distress damages; (3) special damages; (4) compensatory damages; (5) punitive damages; (6) pre-judgment interest and post-judgment interest; and (7) attorneys' fees. (Compl., Prayer for Relief.) Although Defendant denies the validity and merit of all of

4863-1119-2322.1 / 063095-1798

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

6

DEFENDANT OFFICE DEPOT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL

Plaintiff's claims and allegations and denies that Plaintiff is entitled to any relief, Plaintiff's claims establish an amount in controversy over the jurisdictional minimum of $75,000, exclusive of interests and costs, as set forth below:

### A. Emotional Distress Damages

19. Plaintiff seeks damages for emotional distress. (Compl. Prayer for Relief.) Plaintiff's potential recovery of such damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

20. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Gardenhire v. Hous. Auth. of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim); *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001) (award of $30,000); *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) (emphasizing, "[i]t it well established that punitive damages are part of the amount in controversy in a civil action.") (citing Gibson, 261 F.3d at 945); *Richmond v. All State Ins.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (concluding that general and special damages are included in the amount in controversy).

21. For example, *Nimmo v. Montage Hotels & Resorts, LLC*, No. 30-2009-00117583-CU-WT-CJC, 2012 Jury Verdicts LEXIS 2353 (Cal. Super. Ct. Feb. 16, 2012), was a disability discrimination case with allegations similar to those here. In

4863-1119-2322.1 / 063095-1798

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

7

DEFENDANT OFFICE DEPOT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL

*Nimmo*, the plaintiff-employee returned to work from medical leave related to knee and foot surgery. Shortly after returning from leave, the employee sought a further leave of absence as an accommodation. *See id*. The employer in *Nimmo* claimed that the plaintiff had no disability that required special accommodations and separated his employment. *See id*. Ultimately, the jury found the employer liable and awarded $275,000 in emotional distress damages along with $100,440 in economic damages. *See id*. In *Martin v. Arrow Elecs.*, No. SAV041134JVS, 2006 WL 2044626 (C.D. Cal. June 12, 2006), the plaintiff was awarded over one million dollars (including $300,000 for claimed pain and suffering) for allegations of, among others, disability discrimination and wrongful termination. Likewise, in *Snider v. Laquer*, BC329157, 2006 WL 4050121 (Cal. 2006), the plaintiff was awarded over $1,000,000 for pain and suffering based in part on disability discrimination.

22. Here, the issues of accommodation and lawfulness of Plaintiff's termination are similar to those at issue in the cases discussed above. Considering that Plaintiff's seeks many types of damages, the amount of damages claimed by Plaintiff clearly meets the minimum amount in controversy.

**B. Lost Wages**

23. Plaintiff also seeks lost wages. (Compl. ¶¶ 34, 45, 65, 76, 89). Should Plaintiff prevail on his wrongful termination and/or discrimination claims, he potentially could recover lost wages and benefits through the date of trial. Cal. Lab. Code § 6310(b). *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2018); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

24. At the time Plaintiff's employment ended on or about April 22, 2021, he earned approximately $92,415.75 per year or $7,701.31 per month). (Bryan Decl. ¶ 7.) If Plaintiff were to recover back wages from April 22, 2021 to the present, he potentially could recover roughly $49,000.77. Moreover, if the case proceeds to trial by the end of October 2022 – approximately one year from when Plaintiff served Defendant with the Complaint – and Plaintiff remains unemployed, the amount in controversy on lost

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4863-1119-2322.1 / 063095-1798

8

DEFENDANT OFFICE DEPOT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL

wages would be a total of approximately 17 months, or roughly $133,800.03.

25. In addition, front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Dart Indus.*, Inc., 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case would total at least an additional $277,247.25. Thus, if this case goes to trial in October 2022, it may reasonably be estimated that Plaintiff's claims of back pay and front pay would alone total an estimated $411,047.28.

### C. Punitive Damages

26. Plaintiff also seeks punitive damages. (Compl., Prayer for Relief.) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

27. A defendant may use damage awards in other cases to establish the amount in controversy. *Simmons v. PCR Tech.*, 209 F Supp. 2d 1029, 1033 (N.D. Cal. 2002). California law provides no specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, 209 F. Supp. 2d at 1033. Indeed, punitive damage awards have equaled as much as a four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id*. at

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4863-1119-2322.1 / 063095-1798

9

DEFENDANT OFFICE DEPOT, LLC'S
NOTICE TO FEDERAL COURT OF
REMOVAL

334; *see also, Simmons*, 209 F. Supp. 2d at 1033 (citing employment discrimination cases involving punitive damages awards). Accordingly, Plaintiff's claim for punitive damages alone places at least $75,000 in controversy.

### D. Attorneys' Fees

28. Plaintiff also seeks attorneys' fees. Attorneys' fees potentially recoverable by statute are also included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In actions brought under the FEHA and CFRA, the court, in its discretion, may award to the prevailing party reasonable attorneys' fees. Cal. Gov't Code § 12965(b).

29. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. See id. "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may **reasonably be expected to equal at least $30,000** (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, No. CV14-09154-AB(AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (emphasis added). Thus, Plaintiff's demand for attorneys' fees adds at least $30,000 to the amount in controversy, which is a very conservative estimate. *See e.g., Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $971,684); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA); *Begazo v. Passages Silver Strand L.L.C.*, JVR No. 1706020057 (Cal. Super. 2017) (court awarding $375,568 in attorneys' fees in FEHA action).

30. To date, Plaintiff has certainly incurred fees and costs in preparing and filing his Complaint. In fact, at an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a very conservative estimate of

4863-1119-2322.1 / 063095-1798

10

DEFENDANT OFFICE DEPOT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

time spent through trial) to incur $75,000 in reasonable attorneys' fees (250 x $300 = $75,000).

31. Although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims significantly exceeds the $75,000 jurisdictional threshold. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441.

## VI. NOTICE TO THE COURT AND PARTIES

32. Contemporaneously with filing this notice of removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the clerk of the court for the Superior Court of the County of Los Angeles.

## VII. CONCLUSION

33. WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action from the Superior Court of the State of California for the County of Los Angeles, to this Court, and requests this Court assume full jurisdiction over this matter as provided by law.

Dated:    November 10, 2021

LITTLER MENDELSON P.C.

_/s/ Monica M. Quinn_
Monica M. Quinn
Kyra A. Buch
Attorneys for Defendant
OFFICE DEPOT, LLC.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

4863-1119-2322.1 / 063095-1798

11

DEFENDANT OFFICE DEPOT, LLC'S NOTICE TO FEDERAL COURT OF REMOVAL